UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARGARITO ESCALANTE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-53 |
| | § | |
| STX PROCESS EQUIPMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Pending before the Court is the parties' Joint Motion for Approval of Settlement. (D.E. 12.)

Plaintiff brought this action for overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b). The provisions of the FLSA are mandatory and generally are not subject to waiver or modification by settlement, unless reviewed and approved by a court. See, e.g, Dail v. Arab, Inc., 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005). The standard for approval of the settlement of a collective action is for a court to determine whether the settlement is fair, reasonable, and adequate. Murillo v. Texas A&M Univ. System, 921 F. Supp. 443, 445 (S.D. Tex, 1996); Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977). Where a settlement in an FLSA case reflects a reasonable compromise over issues in dispute, a court should approve the settlement in order to promote the policy of encouraging settlement of litigation. See Dail, 391 F. Supp. 2d at 1145 (citing Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

When deciding whether a settlement is fair and reasonable, the court does not decide the merits of the case; rather, the Court determines the fairness and adequacy of the settlement by considering the following factors: "(1) whether the settlement was a product of fraud or

collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members." Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir.), cert. denied, 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982).

Having reviewed the settlement agreement and considered the relevant factors, the Court finds that the proposed settlement is fair, reasonable and adequate. See Murillo, 921 F. Supp. at 445; Dail, 391 F. Supp. 2d at 1145-46. Therefore, the Court GRANTS the parties' Joint Motion for Approval of Settlement. (D.E. 12.) The Court hereby ORDERS that the plaintiff's claims are DISMISSED with prejudice to refiling.

SIGNED and ORDERED this 3rd day of August, 2011.

_____
Janis Graham Jack
Senior United States District Judge